UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OPTIMIZERX CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15 CV 501 RWS |
| | ) |
| LDM GROUP, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Eighth Circuit Court of Appeals has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., Moore's Federal Practice § 102.31 (3d ed. 2013).

The complaint in this case alleges that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. The complaint alleges that plaintiff OptimizeRx Corporation is a Nevada corporation with its principal place of business in Michigan. It further alleges that defendant LDM Group, LLC is a "limited liability company organized and existing under Missouri law with its registered office" in Missouri. It also alleges that defendant PDR

Network, LLC, "is a Delaware liability company with its principal place of business" in New Jersey. These allegations are insufficient for the Court to determine whether it has diversity jurisdiction over this matter.

To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship. <u>Sanders v. Clemco Industries</u>, 823 F.2d 214, 216 (8th Cir. 1987). For diversity jurisdiction purposes, "an LLC's citizenship is that of its members." <u>GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.</u>, 357 F.3d 827, 829 (8th Cir. 2004). Thus, the Court must examine the citizenship of each member of the defendant limited liability companies to determine whether diversity jurisdiction exists. The complaint contains no allegations concerning the citizenship of the members of defendants LDM Group, LLC and PDR Network, LLC.

As a result, the Court is unable to determine whether there is complete diversity of citizenship among the parties and whether this Court has subject matter jurisdiction over this action. The Court will grant plaintiff ten (10) days to file an amended complaint that alleges facts showing the existence of the requisite diversity of citizenship of the parties. Plaintiff's failure to timely and fully comply with this Order will result in the dismissal of this case without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED that** by <u>**March 31, 2015,**</u> plaintiff shall file an amended complaint that alleges facts establishing the citizenship of each defendant.

**IT IS FURTHER ORDERED that if plaintiff does not timely and fully comply with this Order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.**

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of March, 2015.