UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OPTIMIZERX CORP., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:15 CV 501 RWS |
| LDM GROUP, LLC, *et al.*, | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff OptimizeRx Corporation's Amended Complaint. The Eighth Circuit Court of Appeals has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., Moore's Federal Practice § 102.31 (3d ed. 2013).

Plaintiff filed this case on March 20, 2015, alleging in the complaint that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. The complaint alleged that plaintiff OptimizeRx Corporation is a Nevada corporation with its principal place of business in Michigan. It further alleged that defendant LDM Group, LLC is a "limited liability

company organized and existing under Missouri law with its registered office" in Missouri. It also alleged that defendant PDR Network, LLC, "is a Delaware liability company with its principal place of business" in New Jersey.

To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship. Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987). For diversity jurisdiction purposes, "an LLC's citizenship is that of its members." GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Because the complaint did not allege the citizenship of the members of the defendant limited liability companies, I could not determine whether I had subject matter jurisdiction over this matter. As a result, on March 23, 2015, I gave plaintiff ten (10) days to file an amended complaint that alleges facts showing the existence of the requisite diversity of citizenship of the parties.

On March 25, 2015, plaintiff filed an amended complaint, which no longer names LDM Group as a defendant. The amended complaint alleges that "LDM Group merged with PDR Network, LLC, a Delaware limited liability company with its principal place of business" in New Jersey. Plaintiff further alleges that "the members of the LDM Group, LLC and their residences are as follows: Michael W. Coyne, 1116 Shepard Oaks Drive, Glencoe, MO; Robert Allen Poppino, 16479 Dallas Parkway, Ste. 850, Addison, TX; and Robert Lee Spiser, 9410 Shearer Street, Rowlett, TX."

It is well established that an allegation of residence is not the equivalent of an allegation of citizenship and does not satisfy the pleading requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Sanders v. Clemco Industries, 823 F.2d at 216. Thus, the Court must examine the citizenship of each member of the defendant limited liability companies to

determine whether diversity jurisdiction exists. The amended complaint contains no allegations concerning the *citizenship*, as opposed to the *residence*, of the members of defendant LDM Group, LLC. As a result, the Court is unable to determine whether there is complete diversity of citizenship among the parties and whether this Court has subject matter jurisdiction over this action. The Court will grant plaintiff an additional ten (10) days to file a second amended complaint that alleges facts showing the existence of the requisite diversity of citizenship of the parties. Plaintiff's failure to timely and fully comply with this Order will result in the dismissal of this case without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED that** by **April 10, 2015,** plaintiff shall file an amended complaint that alleges facts establishing the citizenship of each defendant.

**IT IS FURTHER ORDERED that if plaintiff does not timely and fully comply with this Order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2015.