UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OPTIMIZERX CORP., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:15 CV 501 RWS |
| LDM GROUP, LLC, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review for subject matter jurisdiction following the filing of plaintiff OptimizeRx Corporation's Third Amended Complaint and Defendants LDM Group, LLC and PDR Network, LLC's Disclosure of Organizational Interests Certificates.

The Eighth Circuit Court of Appeals has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., Moore's Federal Practice § 102.31 (3d ed. 2013).

To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship. Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987). For purposes of determining diversity of citizenship under 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been

incorporated and of the State or foreign state where it has its principal place of business . . . " 28 U.S.C. § 1332(c)(1). For diversity jurisdiction purposes, "an LLC's citizenship is that of its members," as is that of a partnership. GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Pursuant to Local Rule 3-2.09 of the United States District Court for the Eastern District of Missouri, "[i]f the party is a limited liability company or a limited liability partnership, the certificate must identify each member of the subject organization and each member's state of citizenship."

Plaintiff filed a Third Amended Complaint on May 4, 2015. In the Third Amended Complaint, plaintiff adds as defendant PDR Network, LLC.[1] However, plaintiff failed to allege the citizenship of the members of PDR Network, LLC, but rather, merely alleges that, "PDR Network, LLC is a limited liability company organized and existing under Delaware law with its principal place of business at 5 Paragon Drive, Montvale, New Jersey 07645."

On June 3, 2015, both defendants filed a Disclosure of Organizational Interests Certificate. See ECF #s [28] & [29]. Both certificates list the members of PDR Network, LLC as well as the citizenship of most of the members. However, for one of the members, the citizenship is listed as "Offshore." Additionally, while LDM Group, LLC filed a separate Disclosure of Organizational Interests Certificate, it does not disclose who the members of LDM Group are, nor does it list the members' citizenship. Rather, it only lists the members of PDR Network, LLC.

Unless the Court is mistaken, "Offshore" is not the proper name of a particular foreign state. Listing the citizenship of a member as "Offshore" is clearly an insufficient description of

---

[1] Plaintiff originally named LDM Group, LLC and PDR Network, LLC as defendants in its initial complaint. However, after the Court issued two show cause orders because plaintiff had failed to allege the requisite citizenship of the defendant limited liability companies, plaintiff removed PDR Network from its Second Amended Complaint. Now, in the Third Amended Complaint, plaintiff has added PDR Network back into the case.

2

its citizenship. Because the Third Amended Complaint does not allege the citizenship of the PDR Network, LLC members, and because defendants have failed to properly provide the citizenship of one of the PDR Network, LLC members in the Disclosure of Organizational Interests Certificates, I cannot determine whether I have subject matter jurisdiction over this matter.

As a result, I will grant defendants until **June 12, 2015** to file amended Disclosures of Organizational Interests Certificates, properly disclosing the citizenship of the members of both limited liability companies. Additionally, I will grant plaintiffs until **June 19, 2015** to file a fourth amended complaint alleging facts showing the existence of the requisite diversity of citizenship of the parties, including that of the PDR Network, LLC members. I remind the parties that to properly demonstrate citizenship, they must provide the Court with the state of incorporation and principal place of business for any corporation, and the citizenship of each member of any limited liability company or partnership. See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004).

Accordingly,

**IT IS HEREBY ORDERED that** no later than **June 12, 2015**, defendants shall file amended Disclosures of Organizational Interests Certificates, properly disclosing the membership and their places of citizenship for both limited liability companies.

**IT IS FURTHER ORDERED that** no later than **June 19, 2015**, plaintiff shall file a fourth amended complaint alleging facts showing the existence of the requisite diversity of citizenship of the parties, including that of the PDR Network, LLC members.

**IT IS FURTHER ORDERED that if the parties do not timely and fully comply with this Order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.**

*[signature]*
_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of June, 2015.