UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| OPTIMIZERX CORP., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:15 CV 501 RWS |
| LDM GROUP, LLC, et al., | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER OF DISMISSAL**

This matter is before me on review for subject matter jurisdiction following the filing of plaintiff OptimizeRx Corporation's Fourth Amended Complaint and Defendants LDM Group, LLC and PDR Network, LLC's Disclosures of Organizational Interests Certificates.

The Eighth Circuit Court of Appeals has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). Statutes conferring diversity jurisdiction are to be strictly construed. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., Moore's Federal Practice § 102.31 (3d ed. 2013).

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity of citizenship between plaintiffs and defendants, as well as an amount in controversy in excess of $75,000. To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship. Sanders v. Clemco Industries, 823 F.2d 214, 216

(8th Cir. 1987). "Generally, a district court's 'diversity jurisdiction in a suit by or against [an unincorporated] entity depends on the citizenship of all the members.'" GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004) (quoting Carden v. Arkoma Assocs., 494 U.S. 185, 195–96 (1990)). "The only exception to this rule is a corporation's citizenship, which is (1) the state of incorporation, and (2) the state where the corporation's principal place of business is located." Id. (citing 28 U.S.C. § 1332(c)(1)). For diversity jurisdiction purposes, "an LLC's citizenship is that of its members," as is that of a partnership. GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). This is true even though an LLC's membership may be complex or numerous. As the United States Supreme Court has held:

> [W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than *all* of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of "all the members,". . . "the several persons composing such association," . . . "each of its members."

Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990) (internal citations omitted) (emphasis added). See also id. at 192 ("We have never held that an artificial entity, suing or being sued in its own name, can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members.").

Here, Plaintiff has failed, for the fourth time,[1] to adequately allege the citizenship of *all* of the members of the Defendant LLCs. In its Fourth Amended Complaint, while Plaintiff

---

[1] This is the fourth chance I have given Plaintiff to establish that the Court has subject matter jurisdiction over this matter. When Plaintiff first filed suit in this Court, it failed to identify the LLC members or their citizenships, so I ordered Plaintiff to amend its complaint to plead the citizenship of each LLC member. When Plaintiff filed its First Amended Complaint, it identified the LLC members but merely pleaded their places of residency, as opposed to citizenship. I again ordered Plaintiff to amend its complaint to show diversity jurisdiction existed. Plaintiff filed a Second Amended Complaint, in which it finally alleged the citizenship of the LMD Group, LLC members (Plaintiff did not allege the PDR Network, LLC members because they had apparently been dropped from the action at that time). However, then Plaintiff filed a Third Amended Complaint, adding PDR Network, LLC back into the case,

2

properly alleges the citizenship of certain Defendant LLC members, it also states that the members include, "[m]ultiple individuals, limited liability companies, and limited partnerships whose citizenship is not in Michigan or Nevada." Plaintiff cites to Defendant's Amended Corporate Disclosure for the proposition that these members are not citizens of Michigan or Nevada (Plaintiff's principal place of business and state of incorporation). However, Defendants' Amended Disclosures of Organizational Interests Certificates do not identify or allege the citizenship of all of the members of the Defendant LLCs. Recognizing this defect, Defendants represent in their Disclosures that they have not and do not expect to be able to further ascertain that information because of some of the entities have hundreds of individual, institutional, and other investors; because each member's identifying and citizenship information is not known; and because there are certain confidentiality obligations in place preventing such disclosure. Therefore, Plaintiff's claim that none of the unidentified members are citizens of Michigan or Nevada is not a credible or sufficient basis for me to find that complete diversity exists.

Based on the information in the complaint and in Defendants' Amended Disclosures of Organizational Interests Certificates, it appears that there are hundreds of Defendant members whose citizenship is not known to this Court. As a result, I cannot determine whether there is complete diversity among the parties or if I have subject matter jurisdiction over this action. See Carden v. Arkoma Associates, 494 U.S. 185, 192 (1990). Additionally, I do not believe that affording the parties additional opportunities to cure these defects would be productive. Defendants do not expect that they will be able to ascertain the requisite membership

---

but then failed to plead the membership of each of its members. Shortly afterwards, Defendants filed their Disclosures of Organizational Certificates. The Defendants listed many additional members but failed to provide the requisite citizenship information for all members. My last order was issued on June 5, 2015, in which I ordered Defendants to file amended Disclosures of Organizational Interests Certificates, properly disclosing the citizenship of all of the members of both limited liability companies, and granting Plaintiff leave to file a fourth amended complaint alleging facts showing the existence of the requisite diversity of citizenship of the parties.

information.  And I have already given Plaintiff four chances to cure the defects in its complaint, warning Plaintiff each time that failure to fully comply with my orders would result in the dismissal of this suit for lack of jurisdiction.  Despite these warnings, Plaintiff still has not established that complete diversity exists.  For all of these reasons, I will dismiss this suit for lack of subject matter jurisdiction.  See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004).

Accordingly,

**IT IS HEREBY ORDERED that** this case will be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Amended Disclosure of Organizational Interests Certificates Under Seal #[34] is **GRANTED**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 1st day of July, 2015.